UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRIAN J. DODSON, # 344455, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:16-CV-354-PLR-CCS |
| | ) |
| MELISSA HALEY, SHAWN PHILLIPS, | ) |
| F/N/U SCOTT, F/NU WORKMIESTER, | ) |
| SHERRI COX, ALLISON POWELL, | ) |
| DEVON POWELL, JODY POWELL, | ) |
| OLIVIA HELTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM and ORDER**

Brian J. Dodson, a state inmate confined in the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee, brings this *pro se* civil rights complaint for injunctive and monetary relief under 42 U.S.C. § 1983 against MCCX Correctional Officers Melissa Haley, Scott, Workmeister, and Sherri Cox; Warden Shawn Phillips; Allison, Devon, and Jody Powell, children of Kim Malone, the victim whom Plaintiff was falsely accused of murdering; Olivia Helton, Grievance Chairperson; and individuals unknown to Plaintiff who are responsible for the unlawful implantation of cameras above or around Plaintiff's eye sockets and of a technological device, also known as the "thought processor," inside his head, against his will and without his knowledge or consent [Doc. 1 pp. 1, 3-4, Doc. 1-2].

Based on the financial data supplied in Plaintiff's affidavit and inmate trust account statement, his application to proceed without prepayment of fees is **GRANTED** [Doc. 2]. Nevertheless, because Plaintiff is a prisoner, he is **ASSESSED** the filing fee of three hundred

and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of Plaintiff's inmate trust account at MCCX shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. *McGore,* 114 F.3d at 607.

Payments should be sent to: Clerk, USDC; 800 Market Street, Suite 130, Knoxville, Tennessee 37902. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate accounts at the MCCX and to the Tennessee Department of Correction Commissioner, Derrick D. Schofield. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

### I.    Screening the Complaint

Because Plaintiff is a prisoner who is proceeding *in forma pauperis*, the Court must review the complaint to determine whether it states a claim entitling him to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind the rule that pro se pleadings filed in civil rights cases must be liberally

2

construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citations and internal quotation marks omitted).

Unless a plaintiff nudges his claims "across the line from conceivable to plausible, his complaint must be dismissed." *Twombly*, 550 U.S. at 570. The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court examines the complaint and its numerous attachments in light of these guidelines.

3

## II. Plaintiff's Allegations

Plaintiff alleges that an experimental device, namely a "thought processor" or electromagnetic wave length receptor, was implanted in his head to search and seize his thoughts for the purpose of gaining a tactical advantage over him in the legal process [Doc. 1-3]. Plaintiff maintains that he is the first recipient of this experimental technology and that no other inmate is being subjected to the treatment to which he has been subjected [Doc. 1 p.4, Doc. 1-3].

In addition, Plaintiff alleges that retinal/optical cameras have been implanted above or around his eye sockets for the purpose of reading his legal mail, having the words (or thoughts or images gathered from the thought processor) transcribed by a stenographer, and then warning other staff members who are in cahoots with the individuals who implanted the cameras that Plaintiff is complaining, in his outgoing legal mail, about those devices, so that his mail can be discarded before it reaches its destination [Doc. 1-1, Doc. 1-3]. The cameras also show Plaintiff taking showers and using the bathroom [Doc. 1-4].

Plaintiff asserts that the devices were implanted to retaliate against him for filing grievances years ago regarding legal mail which never arrived in the state appellate court from the West Tennessee State Penitentiary ("WTSP") [Doc. 1-4]. Plaintiff further asserts that the optical cameras were implanted sometime in 2011 to 2013 at the WTSP by means of food tampering or intravenously through his yearly Tuberculosis vaccine [*Id.*]. Plaintiff is unsure as to when the thought processor device was implanted [*Id.*], but he believes that the prosecutor, 22nd Judicial District Attorney Michael Thomas Bottoms, conspired to have it implanted so as to obtain Plaintiff's confession [Doc. 1-6 p.1]. The implantation of these apparatuses has caused Plaintiff to suffer severe migraine headaches, blurred vision, muscle twitches, eye aches, and

4

daily discomfort, all of which signifies that it is highly probable that he has sustained some kind of internal damage [Doc. 1-4].

Plaintiff also complains that he has a small- to medium-sized nodule on the top of his head as a result of repeated exposure to chemicals being placed deliberately in his food, namely the cake he is served, because every time he eats a piece of cake, he reports to medical care providers that he is experiencing sharp pains in his head and migraine headache [Doc. 1-5]. Plaintiff contends that the above-described conduct violates his rights not to be subjected to illegal searches and seizures and to cruel and unusual punishment, as secured to him by the Fourth and Eighth Amendments to the United States Constitution [Doc. 1-3].

Plaintiff asks the Court to order that these unconstitutional practices cease, that all transcriptions of Plaintiff's legal mail and personal information be returned to him or destroyed; that the foreign objects implanted in his body be removed; and that he be given a medical cranial examination, an MRI, a CT-Scan or any other available procedure that will detect the faintest foreign objects and deformities in his cranial area, including the skull, brain etc. [Doc. 1 p.5, Doc. 1-7]. Plaintiff also seeks damages of $250,000.00 for every optical camera which was implanted in his body; $500,000.00, if surgery is required to remove the cameras, $500,000.00 for the implantation of the thought processor device, and $750,000.00 if he has sustained any physical injury therefrom [Doc. 1-7].

### III. Law and Analysis

As noted earlier, a pro se complaint must be liberally construed. *Haines*, 404 U.S. at 520. However, it is apparent that Plaintiff's claims describe fantastic or delusional scenarios. This Court has the power to pierce the veil of a complaint, and dismiss, as frivolous, those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

5

The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Also, "[u]nlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept 'fantastic or delusional' factual allegations as true in prisoner complaints that are reviewed for frivolousness." *Hill*, 630 F.3d at 471 (citing *Iqbal*, 556 U.S. at 677-80, *Neitzke*, 490 U.S. at 327-28). "[D]istrict courts, who are 'all too familiar' with factually frivolous claims, are in the best position to determine which cases fall into this category." *Denton*, 504 U.S. at 33 (citing *Neitzke*, 490 U.S. at 328).

It is clear to this Court that Plaintiff's allegations regarding the experimental thought processor and eye cameras embedded in his body against his will and the harmful chemicals being administered to him repeatedly through his consumption of pieces of cake served on his food tray are irrational, wholly incredible, and hence, factually frivolous.

Accordingly, this complaint will be **DISMISSED** sua sponte as frivolous under 28 U.S.C. § 1915(e)(2)(b). Pursuant to 28 U.S.C. § 1915(a)(3) and for the reasons set out herein, the Court **CERTIFIES** that any appeal taken from this action would not be taken in good faith and would be totally frivolous.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**